Hector **LOYA–LOYA,** Petitioner,

v.

Alberto R. **GONZALES,** Attorney General, Respondent.

Francisco **Chavez–Arguelles,** Petitioner,

v.

Alberto R. **Gonzales,** Attorney General, Respondent.

Nos. 03–74607, 03–74608, 04–74012.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 19, 2005.

Decided Nov. 10, 2005.

Vicky J. Dobrin, Esq., Dobrin & Han, LLC, Seattle, WA, for Petitioners.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, WWS–District Counsel, Immigration and Naturalization Service Office of the District Counsel, Seattle, WA, OIL, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: BRUNETTI and MCKEOWN, Circuit Judges, and KING,* Senior District Judge.

## MEMORANDUM **

In three consolidated petitions, Hector Loya–Loya and Francisco Chavez–Arguelles petition for review of the Board of Immigration Appeals' (BIA's) affirmance of the Immigration Judge's (IJ's) denial of petitioners' applications for asylum, withholding of removal, and relief under the Convention Against Torture (CAT) (Petition Nos. 03–74607 and 03–74608), and the BIA's denial of petitioners' joint motion to reopen (Petition No. 04–74012). We address the petitions in reverse order.

## I. Motion to Reopen Petition (No. 04–74012)

■ In denying petitioners' motion to reopen, the BIA found that "nothing in the respondent's [sic] submission addresses the findings of the Immigration Judge that the respondents had not met the burden of proof for asylum." The record contradicts the BIA's finding.

Petitioners submitted as Attachment K to their motion to reopen a 1999 report prepared for the Immigration and Naturalization Service entitled "Mexico: Update on treatment of homosexuals," a more recent and detailed report on the treatment of homosexuals in Mexico than the 1997 country report considered by the IJ. In the motion to reopen itself, petitioners discussed the merits of their persecution claims, including both the evidence considered by the IJ and the newly submitted evidence. Petitioners further argued that the IJ's consideration of the merits of their applications was adversely affected by its "primary" decision that petitioners' applications are statutorily barred as untimely, and that the BIA's affirmance was limited to the IJ's decision on untimeliness.

The BIA abused its discretion by failing to address petitioners' evidence and arguments. *Ordonez v. INS*, 345 F.3d 777, 785–86 (9th Cir.2003). Accordingly, we grant the petition for review, vacate the decision of the BIA denying the motion, and remand for reconsideration of the motion to reopen.

* The Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

## II. Direct Appeal Petitions (Nos.03–74607, 03–74608)

### A. Asylum

 Pursuant to 8 U.S.C. § 1158(a)(3), this court lacks jurisdiction to review the agency's determination that petitioners' asylum applications were untimely and statutorily barred under 8 U.S.C. § 1158(a)(2). *Ramadan v. Gonzales*, 427 F.3d 1218, —— (9th Cir.2005). Petitioners' alternative jurisdictional argument under *Sagaydak v. Gonzales*, 405 F.3d 1035, 1040 (9th Cir.2005), is unavailing because petitioners failed to raise their allegation of misleading advice by the IJ in their underlying direct appeal to the BIA. 8 U.S.C. § 1252(d)(1); *Zara v. Ashcroft*, 383 F.3d 927, 930–31 (9th Cir.2004). Accordingly, the petitions on asylum are dismissed.

### B. Withholding of Removal

In light of our decision on the motion to reopen petition, and the potential mootness if the BIA grants reopening, we hold in abeyance the petitions on withholding of removal. The parties are hereby instructed to file a status report with this court within 60 days of the issuance of this disposition, and file notice of the BIA's decision on the motion to reopen within 30 days thereof.

### C. Convention Against Torture

 Petitioners "ha[ve] not presented evidence that compels any reasonable factfinder to determine that the IJ erred in denying [them] relief under the CAT." *Boer–Sedano v. Gonzales*, 418 F.3d 1082, 1092 (9th Cir.2005). Accordingly, we deny the petitions on CAT relief.

* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of

## CONCLUSION

The Motion to Reopen Petition (No. 04–74012) is GRANTED, and the BIA's decision is VACATED and REMANDED for reconsideration.

The Direct Appeal Petitions (Nos. 03–74607 and 03–74608) are both DISMISSED in part (asylum), HELD IN ABEYANCE in part (withholding of removal), and DENIED in part (CAT).